# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> YURY NAGIBOVICH | DOCKET NO. 3:23-cr-99-MOC <br><br> **BILL OF INDICTMENT** <br><br> Violations: <br> 18 U.S.C. § 2252A(a)(1) <br> 18 U.S.C. § 2252A(a)(5)(B) |

## THE GRAND JURY CHARGES:

### COUNT ONE
(Transportation of Child Pornography)

On or about September 21, 2022, in Mecklenburg County, within the Western District of North Carolina and elsewhere, the defendant,

**YURY NAGIBOVICH**

knowingly transported and shipped any child pornography, as defined in Title 18, United States Code, Section 2256(8), using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252A(a)(1).

### COUNT TWO
(Possession of Child Pornography)

On or about March 30, 2023, in Mecklenburg County, within the Western District of North Carolina and elsewhere, the defendant,

**YURY NAGIBOVICH**

knowingly possessed, and accessed with intent to view, any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that has been mailed, and shipped and transported using any means and facility of interstate

1

and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that have been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

**NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE**

Notice is hereby given of 18 U.S.C. § 2253. The following property is subject to forfeiture in accordance with Section 2253:

a. Any visual depiction or book, magazine, periodical, film, videotape, or other matter which contains any such depiction, which was produced, transported, mailed, shipped, or received during the violations set forth in this bill of indictment;

b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from proceeds of the violations;

c. Any property, real or personal, used or intended to be used to commit or promote the violations; and

d. If, as set forth in 21 U.S.C. § 853(p), any property described in (a), (b), or (c) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a), (b) and (c).

The Grand Jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

a. A Fractal tower computer, model FD-C-DEF7A-05, seized during the investigation,

b. A Synology Model DS-918 seized during the investigation,

c. A Mediasonic Duo 10G hard drive seized during the investigation,

d. A Bequiet! tower seized during the investigation,

2

e. A QNAP hardware raid enclosure seized during the investigation,

f. An Asustur NAS with charging cord seized during the investigation,

g. A Fractal tower computer, model FD-C-DEF7X-01, seized during the investigation, and

h. A Toshiba external hard drive seized during the investigation.

A TRUE BILL:

FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

NICK J. MILLER
ASSISTANT UNITED STATES ATTORNEY